UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE COMPLETE ANGLER, LLC, et al.,

    Plaintiffs,

vs.                                                 Case No. 8:09-cv-346-T-27EAJ

THE CITY OF CLEARWATER, FLORIDA,

    Defendant,
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation of the Magistrate Judge recommending that Plaintiffs' Motion for Preliminary Injunction be granted as to Plaintiffs' "as-applied" First Amendment claim (Dkt. 19). Defendant filed objections to the Report and Recommendation and Plaintiffs have responded (Dkts. 25, 27). This Court has conducted a *de novo* review of those portions of the Report and Recommendation objected to. 28 U.S.C. § 636(b)(1).

Plaintiffs allege that Defendant's sign and banner ordinances are unconstitutional on their face and "as-applied" to a marine themed mural on an outside wall of The Complete Angler, Plaintiffs' bait and tackle shop, and as to Plaintiffs' First Amendment "protest" banner. (Dkt. 1, ¶¶ 1, 53-55). On January 9, 2009, Plaintiffs pled *nolo contendere* to a March 10, 2008 Notice of Violation pertaining to the mural and paid fines and court costs totaling $690.00. (Dkt. 1, ¶¶ 27, 34). On January 12, 2009, Plaintiffs covered the mural with a banner displaying the text of the First Amendment. (Dkt. 1, ¶ 35). On February 14, 2009, Plaintiffs received a Notice of Violation, which required that Plaintiffs correct alleged violations by February 27, 2009 and remove the mural and First Amendment banner. (Dkt. 1, ¶¶ 37-38).

1

Plaintiffs' Motion for Preliminary Injunction was referred to the Magistrate Judge. (Dkt. 5). In a thorough and well-reasoned Report and Recommendation, the Magistrate Judge concluded that "both the Painting and the Banner are non-commercial speech protected by the First Amendment." (Dkt. 19 at 7). The Magistrate Judge found that the application of Defendant's sign code to Plaintiffs' non-commercial speech was content-based and did not withstand strict scrutiny. (Dkt. 19 at 10). Defendant first objects to the Magistrate Judge's determination that neither the mural nor banner are commercial speech. Upon *de novo* review, this Court concludes that the Magistrate Judge correctly determined that the mural is non-commercial speech, as the evidence demonstrates that it reflects a local artist's impression of the natural habitat and waterways surrounding The Complete Angler, and also alerts viewers to threatened species of fish. (Dkt. 22 at 68-69). Accordingly, the mural does more than "propose a commercial transaction" and is properly considered non-commercial speech. *United States v. United Foods, Inc.*, 533 U.S. 405, 409 (2001). Likewise, the banner does not propose a commercial transaction and is properly considered non-commercial speech.

Defendant also argues that the Magistrate Judge failed to recognize that Defendant properly excluded the mural from the exempt category of "art work" in the sign code, as it was placed "in conjunction with" a commercial enterprise. The Magistrate Judge correctly determined that notwithstanding the constitutionality of the definition of "art work," Defendant's application of that definition in this case impermissibly treated Plaintiff's non-commercial speech as commercial speech, for the reasons set forth. As the Magistrate Judge noted, "[Defendant] may not skirt First Amendment protections by applying a definition of commercial speech that better suits its tastes." (Dkt. 19 at 7).

2

Third, Defendant objects to the Magistrate Judge's determination that the code, "as-applied" to the mural and banner, was not content-neutral. There is, however, ample evidence in the record, as discussed by the Magistrate Judge, that Defendant did consider the content of the mural and banner in applying the sign code, including the published statements of a City employee, the testimony of the City's Planning Director, the presence of other non-permitted murals in the City, and the exemptions in the sign code for art work and holiday decorations.

Based on the foregoing, the Magistrate Judge correctly determined that Defendant's application of the sign code to Plaintiffs' mural and banner does not withstand strict scrutiny. After careful consideration of the Report and Recommendation, Defendant's objections and Plaintiffs' response, and in conjunction with an independent examination of the record, this Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects. Accordingly, it is **ORDERED AND ADJUDGED**:

1) The Report and Recommendation (Dkt. 19) is adopted, confirmed, and approved in all respects and is made a part of this order.

2) Plaintiffs' Motion for Preliminary Injunction (Dkt. 3) is **GRANTED** to the extent that Defendant is enjoined from: (1) compelling Plaintiffs to remove either the mural or the banner; and (2) prosecuting violations of §§ 3-1806.B.3.A., 3-1804.D., or 4-1002 in connection with the mural or banner. The security requirement in Rule 65(c) is waived.

**DONE AND ORDERED** in Tampa, Florida, on this 9th day of April, 2009.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record